IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LIZZETTA MCCONNELL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 16-0002-WS-N |
| | ) |
| UNIVERSITY OF ALABAMA | ) |
| HEALTHCARE SYSTEMS, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

This matter is before the Court on the defendant's motion to dismiss and its alternative motion for more definite statement. (Doc. 4). The parties have filed briefs in support of their respective positions, (Docs. 4, 13, 14), and the motions are ripe for resolution. After careful consideration, the Court concludes that the motion for more definite statement is due to be granted and that the motion to dismiss is due to be denied as moot.

The Eleventh Circuit has identified four types of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) "a complaint … replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does "not separate[e] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). The defendant argues the complaint suffers from the second and third of these flaws. (Doc. 4 at 3).

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.  Based on the gulf between what the Court understands the complaint to allege and what the plaintiff says is intended, the Court concludes that the complaint does not give the defendant fair notice of the plaintiff's claims and the grounds upon which they rest.

Using the District's form complaint for employment cases,[1] the complaint lists the discriminatory "acts complained of" as a "hostile work environment" and a "termination" (later defined as a "constructive termination" due to the "hostile environment"), (Doc. 1 at 1, 3), and it identifies the basis of this "discrimination" as "race" or "color" in violation of "Title VII." (*Id*. at 2).  As a final "act complained of," the complaint lists "retaliation" for "speaking out against the inequitable treatment of myself and other African American employees." (*Id*. at 1-2).  Based on these allegations the Court interprets the complaint as asserting three claims, all under Title VII:  (1) racially hostile work environment; (2) racially discriminatory constructive discharge, based on the hostile work environment; and (3) retaliation for opposing racial discrimination.  The plaintiff, however, insists the complaint includes another claim:  for "race discrimination" in certain particulars, including insulting language, increased workloads, stricter deadlines, heightened scrutiny, (Doc. 13 at 3), which conduct is mentioned in the complaint but apparently only in support of the hostile work environment claim.

As to the retaliation claim, the complaint clearly identifies only one action as being motivated by retaliation for the plaintiff's filing of an internal EEO complaint: a disappointing evaluation in the second half of 2014. (Doc. 1 at 3).  In brief, however, the plaintiff insists the evaluation is only "part" of the defendant's retaliatory conduct.  (Doc. 13 at 4).  The remainder is not identified.

---

[1] Because the complaint was filed by counsel, it is unclear why the form complaint – intended to assist *pro se* plaintiffs – was used.

As to the hostile work environment claim, the complaint identifies the evaluation as being part of her retaliation claim only. (Doc. 1 at 3). In brief, however, the plaintiff asserts that the evaluation is part of her hostile work environment claim as well. (Doc. 13 at 4).

For the reasons set forth above, the defendant's motion for more definite statement is **granted**. Pursuant to Rule 12(e), the plaintiff is **ordered** to file and serve, on or before **May 13, 2016**, an amended complaint that: (1) does not rely on the District's form complaint; (2) sets forth the plaintiff's allegations in numbered paragraphs and is otherwise consistent with Rule 10(b); (3) breaks the plaintiff's claims into separate, clearly identified counts, each of which enumerates the specific preceding paragraphs of the amended complaint that are relevant to the count; and (4) complies with the formatting requirements of General Local Rule 5(a).[2] Failure to comply with this order will subject the plaintiff to the consequences identified in Rule 12(e).

Because the defendant's motion to dismiss is directed towards the original complaint, and because the forthcoming amended complaint will become the operative pleading, the motion to dismiss is **denied as moot**.[3]

DONE and ORDERED this 29th day of April, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] In particular, the amended complaint – unlike the plaintiff's brief – is to be double-spaced.

[3] If the plaintiff is wise, she will use the amended complaint to address as appropriate the arguments asserted in the defendant's motion to dismiss concerning the amount of factual information she should include in order to meet Rule 8(a)(2)'s plausibility standard. The plaintiff should not assume she will be given endless opportunities to amend her complaint before facing dismissal with prejudice for failure to state a claim.