IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LIZZETTA McCONNELL, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 16-00002-WS-N |
| | ) | |
| USA HEALTHCARE | ) | |
| MANAGEMENT, LLC, | ) | |
|     Defendant. | ) | |

## ORDER

This action is before the Court on the motion to compel under Federal Rule of Civil Procedure 37(a) (Doc. 43) filed by Defendant USA Healthcare Management, LLC ("the Defendant").[1] The Court has referred the motion (Doc. 43) to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (1/13/2017 electronic reference). By previous order, McConnell was told that, no later that January 27, 2017, she "must file and serve, in writing, any response she may wish to make to the Defendant's motion to compel showing cause why the motion should not be granted, and why she should not be ordered 'to pay the [Defendant]'s reasonable expenses incurred in making the motion, including attorney's fees.' Fed. R. Civ. P. 37(a)(5)(A)." (Doc. 44). To date, McConnell has filed no response with the Court.[2]

---

[1] The certificate of service included with the motion indicates that the Defendant has served copies of the motion on the *pro se* Plaintiff both by first-class mail at her address of record and by email.   (Doc. 43 at 5).

[2] The motion to compel is timely brought under the Court's scheduling order (Doc.

Per the Court's scheduling order, any party served with interrogatories, requests for admission, or requests for production must respond to those discovery requests within 30 days of service. (*See* Doc. 40 at 5). Per the Defendants' representations in the present motion, McConnell was served with the Defendants' First Set of Interrogatories and Requests for Production on November 22, 2016, but has not served any responses to these discovery requests as of January 13, 2017, the date the motion was filed, despite the Defendant's repeated efforts to obtain responses and its agreement to extend the time for her to respond. McConnell offers nothing to rebut these representations.

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection … if a party fails to answer an interrogatory submitted under Rule 33[] or a party fails to produce documents …. as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). It being uncontested McConnell has failed to answer the Defendant's interrogatories and respond to its requests for production, the Defendant's motion to compel (Doc. 43) is **GRANTED**. McConnell must serve full responses to the Defendants' First Set of Interrogatories and Requests for Production in accordance with the Federal Rules of Civil Procedure, and file notice of doing so with the Court, no later than **Friday, February 17, 2017**. McConnell is given notice that her failure to comply with this discovery order will subject her to sanctions under Federal Rule of Civil Procedure

---

40) and sufficiently certifies that the Defendant "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

37(b)(2), which may include dismissal of this action.[3]

As McConnell was previously informed, if a Rule 37(a) motion to compel "is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving a reasonable opportunity to be heard, require the party … whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."   Fed. R. Civ. P. 37(a)(5)(A).   The Defendant has expressly requested such sanctions in its motion. Similar sanctions may also be imposed for a party's "failure to obey a scheduling or other pretrial order[,]" as McConnell has done here by failing to respond to discovery requests within the time set by the scheduling order.   *See* Fed. R. Civ. P. 16(f)(1)(C), (2).[4]

Upon consideration, the undersigned will **STAY** consideration of whether to award reasonable expenses under Rule 37(a)(5)(A) and/or 16(f)(2).   In the event

---

[3] The fact that McConnell is proceeding without counsel in this action (i.e. *pro se*) does not excuse her from complying with the rules of procedure or the Court's orders, nor does it insulate her from sanctions for failure to comply.   "[O]nce a *pro se* []litigant is in court, [s]he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders. []If a *pro se* litigant ignores a discovery order, [s]he is and should be subject to sanctions like any other litigant." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).   *See also* S.D. Ala. General Local Rule 83.5(a) ("All persons proceeding pro se shall be bound by, and must comply with, all Local Rules of this Court, as well as the Federal Rules of Civil and Criminal Procedure, unless excused by Court order.").

[4] Section 17 of the scheduling order warned all parties that the "unjustified failure of a party or a party's attorney to timely comply with the requirements of this scheduling order shall be deemed a failure to obey the scheduling order and shall subject said party or party's attorney to one or more of the sanctions authorized by Rule 16(f)."   (Doc. 40 at 11).

McConnell fails to comply with this discovery order, she will be subject to further sanctions of "reasonable expenses" under Federal Rule of Civil Procedure 37(b)(2)(C), and piecemeal litigation of various "reasonable expenses" awards would be inefficient for both the parties and the Court.  Once it is determined whether McConnell is also to be subject to sanctions under Rule 37(b)(2)(C), the undersigned will set a briefing schedule as to all outstanding "reasonable expenses" awards.

The Clerk of Court is **DIRECTED** to send copies of this Order to McConnell via email at lizzetta.mcconnell@yahoo.com and via standard first-class U.S. mail at her address of record.

**DONE** and **ORDERED** this the 2nd day of February 2017.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**