IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LIZZETTA McCONNELL, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 16-00002-WS-N |
| | ) |
| USA HEALTHCARE | ) |
| MANAGEMENT, LLC, | ) |
|     Defendant. | ) |

## REPORT AND RECOMMENDATIONS

This action is before the Court on the "Motion for Sanctions for Plaintiff's Non-Compliance with the Court's Order" (Doc. 46) filed by Defendant USA Healthcare Management, LLC ("USA HM"). The Court has referred the motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (3/1/2017 electronic reference). Upon consideration, the undersigned finds that USA HM's motion (Doc. 46) is due to be **GRANTED** such that all remaining claims in this action be **DISMISSED without prejudice**.

## I.    BACKGROUND

Plaintiff Lizzetta McConnell commenced this action through counsel. After the Court granted in part and denied in part USA HM's motion to dismiss the amended complaint (*see* Doc. 26), McConnell's counsel was granted permission to withdraw from representation in this action (*see* Doc. 30). In that order, copies of which were mailed to her, McConnell was cautioned that, "[w]hile she is *pro se*, McConnell bears the sole responsibility of handling her case, which

includes timely responding to the Defendant's motions and discovery requests, following the Court's orders, and complying with all applicable rules of procedure."  (Doc. 30 at 1 – 2 (citing S.D. Ala. General Local Rule 83.5(a) ("All persons proceeding pro se shall be bound by, and must comply with, all Local Rules of this Court, as well as the Federal Rules of Civil and Criminal Procedure, unless excused by Court order."); *United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011) ("A pro se [party] must follow the rules of procedure and evidence and the district court has no duty to act as his lawyer…" (citation omitted))).   McConnell timely filed a response to that order confirming her intent to proceed *pro se* in this action and that she understood her responsibilities as stated in the order.   (*See* Doc. 33).

The parties subsequently filed a joint report of their planning meeting under Federal Rule of Civil Procedure 26(f) (Doc. 35), and after holding an in-person scheduling conference with the parties, the undersigned entered a Federal Rule of Civil Procedure 16(b) scheduling order on October 13, 2016. (Doc. 40).   Among other things, the scheduling order set a deadline of March 31, 2017, for completion of all discovery in this action.  (Doc. 40 at 3, § 4).   On November 22, 2016, USA HM filed notice with the Court that it had served McConnell with its First Set of Interrogatories and Requests for Production by both electronic mail and U.S. mail, postage prepaid.  (Doc. 42).   Under the scheduling order, McConnell's responses to these discovery requests were due within 30 days of service.   (*Se* Doc. 40 at 5, § 10).

On January 13, 2017, USA HM filed and served a motion to compel discovery responses under Federal Rule of Civil Procedure 37(a), asserting that McConnell had failed to serve any responses to its First Set of Interrogatories and Requests for Production, despite USA HM agreeing to extend the time for her to do so and McConnell's agreement to serve responses by the extended deadline.  (Doc. 43).  After McConnell failed to file any response to the motion within the time set by the Court (*see* Doc. 44), the undersigned granted the motion to compel and ordered McConnell to "serve full responses to the Defendants' [sic] First Set of Interrogatories and Requests for Production in accordance with the Federal Rules of Civil Procedure, and file notice of doing so with the Court, no later than **<u>Friday, February 17, 2017</u>**."  (Doc. 45 at 2). The undersigned expressly warned McConnell "that that her failure to comply with this discovery order will subject her to sanctions under Federal Rule of Civil Procedure 37(b)(2), which may include dismissal of this action."  (Doc. 45 at 2 – 3).

To date, McConnell has failed to file any notice of compliance with the Court's order granting the motion to compel,[1] and USA HM's present motion for sanctions (Doc. 46), filed February 24, 2017, confirms that McConnell has failed to serve any responses to its discovery requests as ordered.  USA HM's present motion (Doc. 46) requests that the Court dismiss this action as a sanction for

---

[1] Indeed, the record reflects that McConnell has filed nothing with the Court since entry of the scheduling order on October 13, 2016.

McConnell's failure to do so, or alternatively order such lesser sanctions as the Court deems appropriate.

## II.    LEGAL STANDARDS

There are several sources of authority that permit a court to dismiss a case for the plaintiff's failure to obey an order.   As was pointed out to McConnell in the order granting the motion to compel, a party's failure to obey such a discovery order can result in the imposition of sanctions under Federal Rule of Civil Procedure 37(b)(2), which may include "dismissing the action or proceeding in whole or in part."   Fed. R. Civ. P. 37(b)(2)(A)(v).   As USA HM correctly notes, most of the sanctions available under Rule 37(b)(2)(A), including dismissal, may be imposed where, as here "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response[,]"   Fed. R. Civ. P. 37(d)(1)(A)(ii), (d)(3), or for a party's "failure to obey a scheduling or other pretrial order[,]" as McConnell has done here by failing to respond to discovery requests within the time set by the scheduling order.   *See* Fed. R. Civ. P. 16(f)(1)(C), (f)(2).[2]

Two other sources of authority for a district court to dismiss an action for a plaintiff's failure to prosecute or to obey the Court's orders are Federal Rule of

---

[2] Section 17 of the scheduling order warned all parties that the "unjustified failure of a party or a party's attorney to timely comply with the requirements of this scheduling order shall be deemed a failure to obey the scheduling order and shall subject said party or party's attorney to one or more of the sanctions authorized by Rule 16(f)."   (Doc. 40 at 11).

Civil Procedure 41(b) and the Court's inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). *Accord Fequiere v. Ala. State Univ.*, 558 F. App'x 881, 882 (11th Cir. 2014) (per curiam) (unpublished); *Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011) (per curiam) (unpublished); *Brown v. Tallahasse Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (unpublished) ("The district court's 'power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits.' *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir.1983) (citation omitted).   The Court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order. Fed. R. Civ. P. 41(b); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978).").   "Rule 41(b) provides: 'For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.' "   *Betty K Agencies*, 432 F.3d at 1337.   "The Supreme Court also has held that '[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs ....' "   *Id.* (quoting *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630 (1962)).[3]

---

[3] "Although the plain language of Rule 41(b) suggests that a court may act pursuant to that Rule only when dismissing upon the motion of the defendant, and acts only on its inherent authority when dismissing *sua sponte,*" many Eleventh Circuit and former-Fifth Circuit decisions have "elide[d] this neat

"Where dismissal is without prejudice, but the applicable statute of limitations probably bars further litigation, the standard of review of the District Court's dismissal should be the same as is used when reviewing a dismissal with prejudice."[4]  *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976) (citing *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972)).[5]  *See also Castro v. Dir., F.D.I.C.*, 449 F. App'x 786, 788 (11th Cir. 2011) ("Dismissal of a lawsuit with prejudice under Rule 41(b) is a severe sanction that should only be used in extreme circumstances where lesser sanctions would not serve the best interests of justice. We will apply a less stringent standard, however, when the district court dismisses a lawsuit without prejudice *and the statute of limitations does not prevent the plaintiff from refiling the lawsuit*." (citing *Boazman*, 537 F.2d at 212-13) (internal citation omitted) (emphasis added)).  "[A] dismissal *with prejudice,* whether on motion or *sua sponte,* is an extreme sanction that may be

---

distinction" and permitted *sua sponte* dismissal under Rule 41(b).  *Betty K Agencies*, 432 F.3d at 1337 (citing cases).

[4] McConnell initiated this action on January 4, 2016 (*see* Doc. 1), asserting claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.*  Such claims must be brought within 90 days of receiving a right-to-sue letter from the Equal Employment Opportunity Commission.  42 U.S.C. § 2000e–5(f)(1); *Green v. Union Foundry Co.*, 281 F.3d 1229, 1233 (11th Cir. 2002).  McConnell attached an EEOC right-to-sue letter to her initial complaint, which is dated as being mailed October 2, 2015 (Doc. 1-1). Generally, "the filing of a lawsuit which later is dismissed without prejudice does not automatically toll the statute of limitations."  *Justice v. United States*, 6 F.3d 1474, 1478–79 (11th Cir. 1993).

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions issued by the Fifth Circuit before October 1, 1981.

properly imposed *only* when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.  Moreover, the harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable." *Betty K Agencies*, 432 F.3d at 1337-38 (citations and quotation omitted).

### III.   ANALYSIS

As described above, in failing to serve responses to USA HM's discovery requests, McConnell is in violation of both the Federal Rules of Civil Procedure and the Court's orders.  As McConnell has been repeatedly cautioned, the fact that she is proceeding without counsel in this action does not excuse her from complying with the rules of procedure or the Court's orders, nor does it insulate her from sanctions for failure to comply.  "[O]nce a *pro se* []litigant is in court, [s]he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders. []If a *pro se* litigant ignores a discovery order, [s]he is and should be subject to sanctions like any other litigant." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).  Moreover, in the order granting USA HM's motion to compel, McConnell was warned that her disregard of that order's directives could result in dismissal of her case.  "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  *Id.*

As the uncontested representations in USA HM's motion to compel demonstrate, McConnell failed to serve discovery responses despite repeated requests made and extension of time given by USA HM and her own assurances that she would do so. McConnell has also repeatedly failed to justify her conduct by responding either to the motion to compel or the order granting that motion.[6] Thus, McConnell has shown a clear pattern of delay and contumacious conduct in this action. Moreover, because McConnell has given the Court no indication that she intends to participate in discovery, and because such failure will prejudice USA HM's efforts to defend against McConnell's remaining claims, the undersigned finds that no lesser sanction than dismissal will suffice.

## IV.    CONCLUSION

In accordance with the foregoing authority and analysis, the undersigned **RECOMMENDS** that USA HM's "Motion for Sanctions for Plaintiff's Non-Compliance with the Court's Order" (Doc. 46) be **GRANTED**, such all claims in this action not previously dismissed under Federal Rule of Civil Procedure 12(b)(6) (*see* Doc. 26) be **DISMISSED without prejudice** under Federal Rules of Civil Procedure 16(f)(1)(C), 37(b)(2)(A)(v), 37(d)(3), and 41(b),

---

[6] There is no indication in the record that McConnell is not receiving notice of filings in this action, and McConnell was "cautioned that, while she is *pro se*, she 'must, at all times during the pendency of the action … , keep the Clerk informed of … her current address and telephone number' and 'must promptly notify the Clerk of any change of address or telephone number.' "  (Doc. 30 at 2 (quoting S.D. Ala. GenLR 83.5(b)).

and under the Court's inherent power to manage its docket, and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58.[7]

The Clerk of Court is **DIRECTED** to send copies of this Order to McConnell via email at lizzetta.mcconnell@yahoo.com and via standard first-class U.S. mail at

her address of record.

## V.   <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28

---

[7] USA HM's present motion also requests an award of reasonable expenses under Federal Rule of Civil Procedure 37(b)(2)(C) ("Instead of or in addition to the orders above, the court must order the disobedient party…to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."). Moreover, in granting its motion to compel, the undersigned stayed consideration of USA HM's entitlement to an award of reasonable expenses under Rule 37(a)(5)(A) and Rule 16(f)(2) until it was known whether McConnell might also be subject to Rule 37(b)(2)(C) sanctions. The undersigned will address these various "reasonable expenses" sanctions separately from this report and recommendation. However, entry of final judgment need not be delayed while consideration of such sanctions is pending. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990) ("This Court has indicated that motions for costs or attorney's fees are 'independent proceeding[s] supplemental to the original proceeding and not a request for a modification of the original decree.' *Sprague v. Ticonic National Bank*, 307 U.S. 161, 170, 59 S. Ct. 777, 781, 83 L. Ed. 1184 (1939). Thus, even 'years after the entry of a judgment on the merits' a federal court could consider an award of counsel fees. *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 451, n.13, 102 S. Ct. 1162, 1166, n.13, 71 L. Ed. 2d 325 (1982).").

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."   11th Cir. R. 3-1.   In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** and **ORDERED** this the 7th day of March 2017.

                                  */s/ Katherine P. Nelson*
                                  **KATHERINE P. NELSON**
                                  **UNITED STATES MAGISTRATE JUDGE**